**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARK REYES,

    Plaintiff,

v.                                                     No. CV 08-0788 MV/DJS

JOSEPH WILLIAMS; WILLIAM RICHARDSON;
GEORGE TAPIA; DWAYNE SANTESTEVAN;
JOHNNY ARIAS; ANDY DIMAS; JESSALYN EATON;
DENIS MARES AND MAILROOM OFFICERS;
STIU/STG GANG UNIT OFFICERS AND
COORDINATOR, SEAN O. SHANNON;
MICHAEL GATTI; CARLTON ESPINOSA;
CORINTH FULLER; CARY SINGLETON AND
LIBRARY OFFICERS;

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed with prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

At the time Plaintiff filed his complaint, he had three other actions pending in this Court. *See Reyes v. Tapia*, No. CV 07-1213 BB/LFG; *Reyes v. Williams*, No. CV 08-0102 WJ/RLP; and *Reyes v. Santistevan*, No. CV 08-0376 BB/WDS.  *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (taking judicial notice of court's own records).  Plaintiff voluntarily dismissed two of those actions.  *See* No. CV 08-0102 WJ/RLP; No. CV 08-0376 BB/WDS.  The other case, No. CV 07-1213 BB/LFG, consisted of a complaint and nine amended/supplemental pleadings (Docs. 21-30).  Plaintiff asserted claims of retaliation, sexual assault, cruel and unusual punishment, illegal search and seizure, double jeopardy, and denial of due process, equal protection, freedom of religion and speech, and access to the courts.  Most of the claims in that complaint arose while Plaintiff was incarcerated at the Penitentiary of New Mexico.  Six of the Defendants named in that action are also named in the instant action.

On consideration of the complaint in cause No. CV 07-1213 BB/LFG, the Court dismissed a number of Plaintiff's claims *sua sponte* (Doc. 32).  The answering Defendants then filed a *Martinez* Report (Doc. 52) in March, 2009, which included two affidavits from corrections officials regarding grievances and procedures (Doc. 52-6, pp. 51-55).  Together, the affidavits state that during the 3-year period before filing his complaint in No. CV 07-1213 BB/LFG, Plaintiff had filed only one grievance and no appeals while at the prison.  Plaintiff provided no evidence of exhaustion of administrative remedies.  As a result, on consideration of the Magistrate Judge's recommended

disposition, the Court granted summary judgment and dismissed Plaintiff's complaint without prejudice for failure to exhaust administrative remedies. *See* No. CV 07-1213 BB/LFG, Doc. 58. The Court's records indicate no subsequent attempts by Plaintiff to exhaust and refile that complaint.

While that earlier action was pending, Plaintiff filed his complaint in this action. As noted in an order entered at the beginning of this case, Plaintiff's 78-page complaint was submitted in five separate envelopes. In a notice filed with the instant complaint, Plaintiff stated that he would be submitting a total of fifty-eight envelopes containing the complaint and exhibits thereto.

Plaintiff begins his complaint with a brief summary, stating that he is asserting claims of cruel and unusual punishment as well as denial of his rights of equal protection, due process, and freedom of religion and speech. In the following seventy-six pages, Plaintiff presents a detailed litany of alleged conditions and incidents that form the basis of his claims. The complaint does not contain a specific request for relief.

Plaintiff's complaint violates a number of basic pleading requirements for a civil action. According to the terms of rule 8(a) of the Federal Rules of Civil Procedure,

> A pleading that states a claim for relief must contain:
> . . . .
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought.

Fed. R. Civ. P. 8(a). Plaintiff's seventy-six page statement is certainly not short or plain and does not contain a decipherable demand for relief. Much of the complaint reiterates allegations from Plaintiff's earlier complaints.

In addition to the very minimal formal requirements in rule 8, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *quoted in Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1281

(10th Cir. 2007).  "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). "If the pleading contains prolix . . . averments, . . . rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then [notice pleading's] purpose is defeated."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  As ruled by another district court considering similarly repetitious allegations in a pro se complaint,

> Having carefully perused the instant Complaint . . . , the Court can find nothing here that has not already been alleged in one or more [of Plaintiff]'s previous cases or which could not have been so alleged.  Repetitious filing constitutes a "frivolous or malicious" action within the meaning of 28 U.S.C. § 1915(e)(2)(B) and for that reason, this case will be dismissed with prejudice.

*Rogler v. U.S. Dep't of Health and Human Servs.*, 620 F. Supp. 2d 123, 130-31 (D.D.C.), *appeal dismissed by stipulation*, No. 09-5251, 2009 WL 3571249 (D.C. Cir. Oct. 16, 2009).

Pleadings of the kind submitted here by Plaintiff are sometimes characterized as "shotgun pleadings."  "The law recognizes a significant difference between notice pleading and 'shotgun' pleading."  *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) (affirming dismissal of "shotgun" complaint that "failed to state a claim under any conceivable matching of allegations"); *and see Arena Land & Inv. Co., Inc. v. Petty,* No. 94-4196, 1995 WL 645678, at *2 (10th Cir. 1995).  This kind of complaint "begin[s] with a long list of general allegations, most of which are immaterial to most of the claims for relief.  The general allegations are incorporated by reference into each count of the complaint." *Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).  Shotgun pleadings, at best, delay the resolution of asserted claims, *see, e.g., Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001), and, "if tolerated, harm the court by impeding its ability to administer justice. The time a court spends

managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard." *Id.* at 1131.

Under the rules discussed above, Plaintiff's complaint should be dismissed. Dismissal of a complaint without leave to amend, *cf. Hall v. Bellmon*, 935 F.2d at 1110, requires consideration of several factors, *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *but cf. Lee v. Max Int'l LLC*, 638 F.3d 1318, 1323 n.2 (10th Cir. 2011) ("a district court's failure to consider the *Ehrenhaus* factors doesn't automatically render our independent review impossible."); *see also Advantedge Bus. Grp. v. Thomas E. Mestmaker & Assoc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("This court has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired.").

The Court finds three reasons to dismiss Plaintiff's complaint with prejudice. The first is simply the text of the complaint itself, which, as noted above, utterly fails to comply with rule 8. Second, in cause No. CV 07-1213 BB/LFG, the hundreds of pages of amended pleadings that Plaintiff filed in response to an order for a "short and plain" amended complaint (Doc. 20) do not bode well for receiving an amended pleading that complies with rule 8.

The third reason is that allowing an amended complaint would be futile. *See Hall*, 935 F.2d at 1110. As noted above, before filing this complaint in 2008 Plaintiff had filed only one prison grievance. The Court takes notice that Plaintiff had not exhausted administrative remedies when he filed this complaint. *See Duhart*, 469 F.2d at 473. Plaintiff has subsequently alleged (Doc. 20) that he exhausted administrative remedies after filing the complaint in this action. Even assuming the accuracy of this allegation, *see Davis v. Jones*, 390 F. App'x 803, 804 (10th Cir. 2010) ("a prisoner must 'use[ ] all steps that the agency holds out' in 'compliance with an agency's deadlines and other critical procedural rules.' ") (internal citations omitted), he is too late. The Court of

5

Appeals for the Tenth Circuit has expressly disapproved of exhausting remedies *pendente lite*. *See Peoples v. Gilman*, 109 F. App'x 381, 383 (10th Cir. 2004) (upholding dismissal where grievance was filed after complaint); *Davis*, 390 F. App'x at 804 ("suits filed before the exhaustion requirement is met must be dismissed."); *see also Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003) ("permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) . . . . [and] dismissal is required under section 1997e(a).").

The Court's *sua sponte* dismissal of Plaintiff's complaint is not based on his failure to exhaust claims in this action, *see Jones v. Bock*, 549 U.S. 199, 216-18 (2007); rather, the finding of non-exhaustion in cause No. CV 07-1213 BB/LFG, combined with Plaintiff's failure to exhaust and refile that complaint, is a factor in the Court's decision whether to dismiss this complaint with or without prejudice. On consideration of Plaintiff's filings, the Court's records, and the authority noted herein, Plaintiff's complaint will be dismissed with prejudice.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE